IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Donald Gene Perrell and Shelia Jarrett Perrell, <br><br> Plaintiffs, <br><br> v. <br><br> Sparky's Pecan Outlet Store, Inc., d/b/a Sparky's Country Store, d/b/a Sparky's, d/b/a Sparky's Fireworks, <br><br> Defendant. | Civil Action No.: 4:19-CV-01466-RBH <br><br><br> **ORDER OF REMAND** |

Under 28 U.S.C. §1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. 1332(a)(1). Removal statues are strictly construed against removal, and any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). In addition, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In Re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006) (citation omitted). This includes establishing compliance with the removal statute requirements. *See Marler v. Amoco Oil Co.*, 793 F. Supp. 656, 658-59 (E.D.N.C. 1992). Courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court. *Id.* Thus, all doubts are resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313

U. S. 100, 108-09 (1941); *see also Mulcahey v. Columbia Organic Chems. Co, Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

Furthermore, under 28 U.S.C. § 1441(b)(2), a civil action that is removable solely pursuant to 28 U.S.C. §1332(a) jurisdiction cannot be removed if any party served as a defendant is a citizen of the state where the action is brought. Otherwise known as the "home-state defendant rule," this provision prevents removal when the defendant is "at home" in the relevant state where the action accrues. *See, e.g., Bank of N.Y. Mellon v. White*, No. 3:17-693-JFA-PJG, 2017 U.S. Dist. LEXIS 84571, at *7 (D.S.C. June 2, 2017).

In the instant matter, Defendant removed this case from the Circuit Court of Marion County, South Carolina, pursuant to 28 U.S.C. §§1441 and 1446. Defendant based federal jurisdiction on diversity jurisdiction under §1332.

On May 23, 2019, Plaintiff filed a motion to remand to the Circuit Court of Marion County, South Carolina. The motion also requested the payment of costs and actual expenses, including attorney's fees, that were incurred during the removal process. Plaintiff asserted that since Defendant is a business incorporated in South Carolina and under South Carolina law, Defendant's removal of this case was improper under 28 U.S.C. §1441(b)(2).

On June 6, 2019, Defendant filed a response indicating it did not object to remand but objected to the award of costs, expenses, and attorney's fees.

In light of the circumstances and Defendant's consent to remand, it appears that remand is appropriate. Defendant is a business that is "at home" in South Carolina, and therefore the "home-state defendant rule" applies. *See White*, 2017 U.S. Dist. LEXIS 84571 at *7. The Court, however, declines to award Plaintiff costs and expenses incurred as a result of the removal.

**<u>Conclusion</u>**

Based on the forgoing, this case is hereby **REMANDED** to the Circuit Court of Marion County, South Carolina. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of the Circuit Court of Marion County, South Carolina.

**IT IS SO ORDERED.**

June 13, 2019 <span style="float:right">s/ R. Bryan Harwell</span>
Florence, South Carolina <span style="float:right">R. Bryan Harwell
United States District Judge</span>